852 F.2d 565
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FIRST AMERICAN BANK OF VIRGINIA, Plaintiff,
v.
Ronald O. KINDSCHI, Defendant & Third-Party Plaintiff-Appellant,
v.
FUTURESOFT SYNERGIES, INC., Kenneth D. Rardin; Ganesa Group
International, Inc., Third-Party Defendant-Appellee,
and
John W. Freal, Third-Party Defendant.
Ronald O. KINDSCHI, Defendant & Third-Party Plaintiff-Appellee,
and
FIRST AMERICAN BANK OF VIRGINIA, Plaintiff,
v.
FUTURESOFT SYNERGIES, INC., Third-Party Defendant-Appellant,
and
Kenneth D. Rardin; Ganesa Group International, Inc.; John
W. Freal, Third- Party Defendants.
 Nos. 87-1607, 87-1640.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 6, 1988.
Decided: July 15, 1988.
 
 Stephen W. Preston (Stephen H. Sachs, Mark J. Leimkuhler, Wilmer, Cutler & Pickering, on brief), for appellant.
 Sally Ann Hostetler (Dexter S. Odin, Odin, Feldman & Pittleman, P.C., on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, and K.K. HALL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This suit involves a diversity action by First American Bank of Virginia (First Virginia) against a guarantor of a note, Ronald O. Kindschi; impleader of the principal maker, FutureSoft Synergies, Inc., its president, Kenneth D. Rardin, and a bank officer John W. Freal, as third-party defendants; and counter-claims by FutureSoft and Rardin against Kindschi. The district court awarded summary judgment for First Virginia and Freal against Kindschi and after trial gave judgment for FutureSoft and Rardin against Kindschi for $10 million.
 
 
 2
 Kindschi appealed, and we affirmed the judgment as to liability in favor of First American and Rardin against Kindschi. We also affirmed the judgment as to liability of Kindschi to FutureSoft, but we reversed the award of damages and remanded for a new trial on that issue. First American Bank of Virginia v. Kindschi, No. 85-1498(L) (4 Cir. November 24, 1986) (unpublished).
 
 
 3
 On retrial as to damages, the district court gave judgment in the amount of $3.5 million, with prejudgment interest. Kindschi appeals once again, as does FutureSoft. We affirm.
 
 I.
 
 4
 In the previous appeal we ruled that for breach of a contract to underwrite a $3.5 million stock offering, FutureSoft, under the applicable California law, was entitled to recover the difference in its going concern value before and after the breach--in short the diminution in its value. The district court had reasoned that since Kindschi had contracted to market 35% of FutureSoft's stock for $3.5 million, it followed that the going concern value of FutureSoft was $10 million and that it was entitled to recover that amount when the contract was breached and as a result it became worthless. We rejected that reasoning because we thought that the underwriting agreement, while some evidence of going concern value, was of itself neither "the quality nor quantity of evidence from which the entire value of the corporation could be gauged." We did suggest that FutureSoft was entitled to a minimum of $3.5 million in damages because that is the amount it would have received if the underwriting contract had been fully performed. Absent other credible evidence of going concern value before and after the breach, the district court, on remand, followed our suggestion and awarded damages of $3.5 million, with prejudgment interest.
 
 II.
 
 5
 Both parties contend that the district court erred in assessing damages on remand. We see no merit in any of their contentions.
 
 
 6
 In FutureSoft's appeal, we agree with the district court that FutureSoft did not persuasively prove a difference between a before-breach and after-breach going concern value in excess of $3.5 million. Its finding in this regard is not clearly erroneous.
 
 
 7
 In Kindschi's appeal, we do not think that the district court exceeded its discretion under applicable California law in awarding prejudgment interest. The amount of debt stemming from breach of the underwriting contract was readily identifiable from the contract itself. Under both the law of California and the law of Virginia, the jurisdiction in which the case was tried, trial courts have broad discretion to fix the date of prejudgment interest for liquidated debts. See Cal.Civ.Code Sec. 3287(a) (West 1987); Va.Code Sec. 8.01-382 (1984).
 
 
 8
 We also do not think that Kindschi's liability for damages for breach of the underwriting agreement should be reduced by the commissions he would have earned had he performed the agreement and been successful in selling FutureSoft to third persons. The fact is that he did not perform and the underwriting contract obligated him to buy FutureSoft stock at the offering price, without discount, if he failed to sell it to others. His argument that, unless a discount is implied if he were required to buy the stock, the underwriting contract lacked consideration is meritless.
 
 
 9
 In the previous appeal we rejected Kindschi's claim for an offset or for indemnification on account of his guarantee of FutureSoft's loan from First Virginia, and we adhere to those views. FutureSoft is liable to First Virginia. If FutureSoft can meet that obligation, there will be no double recovery, because First Virginia will have been paid in full and it would have no incentive or legal right to enforce its judgment against Kindschi. As we said in the previous appeal, if FutureSoft cannot meet that obligation in its entirety, Kindschi's own wrongdoing bars him from indemnity and contribution.
 
 
 10
 Finally, we further reject Kindschi's contention that he is entitled to a 35% stock interest in FutureSoft as a result of the judgment against him for the amount that such sale would have generated. Kindschi did not, in fact, perform the contract by purchasing the shares as provided in the underwriting agreement, and we decline to fashion an essentially equitable remedy on his behalf in light of his obvious breach.
 
 
 11
 AFFIRMED.
 
 K.K. HALL, Circuit Judge, dissenting:
 
 12
 In the previous appeal, I disagreed with the majority's conclusion that FutureSoft was entitled to at least $3.5 million or any other minimum amount in damages. I also objected to the majority's view that Kindschi's own wrongdoing barred him from seeking indemnity and contribution from FutureSoft with respect to the bank loan. In my view, the majority's opinion today, as in the previous appeal, unfairly penalizes Kindschi while awarding a windfall to FutureSoft.
 
 
 13
 Accordingly, I respectfully reiterate my dissent.